**Thirley A. GALLOWAY, Plaintiff,**

**v.**

**ATLANTIC COAST LINE RAILROAD COMPANY, Defendant.**

**No. CA/7881.**

United States District Court
E. D. South Carolina,
Florence Division.

May 22, 1965.

James P. Mozingo, III, Benny R. Greer, A. Lee Chandler, Darlington, S. C., for plaintiff.

Hugh Willcox, Willcox, Hardee, Houck, Palmer & O'Farrell, Florence, S. C., for defendant.

WYCHE, District Judge.

This is an action for damages resulting from injuries received by the plaintiff when he was working as car inspector for the defendant at its railroad yards in the City of Florence, South Carolina. The action is brought under the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. The case was tried by me without a jury at Florence, South Carolina.

In compliance with Rule 52(a), Rules of Civil Procedure, I find the facts specially and state my conclusions of law thereon, in the above cause, as follows:

### FINDINGS OF FACT

The plaintiff is a resident and citizen of the State of South Carolina, and the

defendant is a foreign railroad corporation, engaged in interstate commerce, existing by virtue of the laws of the State of Virginia.

The plaintiff had been working as a car inspector for the defendant Railroad Company for twenty-two years, and had been working with the Railroad Company for a total period of thirty-nine years.

On the morning of May 1, 1961, the plaintiff and other car inspectors were instructed by their superiors to undertake the inspection of train No. 210, the formation of which had been completed for departure except for the coupling of the engines. The six car inspectors began work in pairs, at the rear, the middle and the front of the train. The plaintiff's partner, as was the custom, remained at the head of the train with a blue flag to watch for and assist in the coupling of the engines when they arrived, and the plaintiff began his inspection of the standing cars and the coupling of the hoses between the cars.

The plaintiff had proceeded to a point between the third and fourth cars from the head of the standing train and was in the act of coupling the hoses between these two cars when the engine units approached the standing train and made a coupling to the standing train in an unusual manner, in that the engines failed to reduce their speed before making the coupling and made a very hard coupling, knocking the standing cars at the head of the train for a distance of five to eight feet. The brakeman gave the engineer an emergency stop-signal as he approached the standing train, and when these signals were disregarded, the car inspector Jenkinson also gave the emergency stop-signal by waving his hands and the blue protection flag. The engineer disregarded the emergency stop signals of both of these employees and made a coupling without stopping or reducing the speed of the engines. This caused the third car from the head of the train on which plaintiff was working to be knocked backward a distance of approximately five to eight feet, knocking the plaintiff to the ground and causing one

of the wheels of the train to run up against and onto plaintiff's leg. It was necessary to pull the engines forward in order to get the wheel off plaintiff's leg so that he could be removed from the scene.

At the time of the accident plaintiff was going about his inspection of the standing cars pursuant to instructions from his superiors, and in the same manner that he had been inspecting these cars for twenty-two years.

Plaintiff had no reason to suspect that the engines would couple to this train without reducing the speed of the engines, and he had no reason to suspect that the engineer would disregard the signals of the brakeman and of the associate car inspector who remained at the front of the train for the purpose of protecting the standing train and the five car inspectors who had already begun their work thereon.

The defendant, through its agents, servants and employees, acting within the course and scope of their employment, was negligent in running a multi-engine unit into the standing train in disregard of the emergency stop signals given by the brakeman and the car inspector Jenkinson, when the engineer of the defendant's train knew, or should have known, that the car inspectors were at work on the train; the defendant was negligent in failing to furnish the plaintiff with a safe place to work in violation of its duty to use due care; the defendant was negligent in failing to give the defendant any warning whatsoever that the multi-engine unit was about to make the coupling in the unusually hard manner which was present in this case.

The plaintiff was not guilty of contributory negligence in any degree in bringing about his own injury.

After the injury the plaintiff was hospitalized from May 1 to June 21, 1961, and again from July 1 to July 4, 1961. Since the injury he has not returned to his employment and will not again be able to engage in work as a car inspector with the defendant Railroad Company. The

plaintiff had a crushing injury to his right thigh, a crushing injury to the left foot and a chip-type fracture of the left great toe. At the time of the trial the plaintiff still had tenderness in the area of the wound of the right thigh and a scar 5″ x 3″ at the wound site. He also had a scar at the site of a skin graft on the left thigh of 5″ x 2″. Plaintiff had a one inch atrophy of the right thigh and a scar on the fractured great toe, which toe showed a loss of the distal extremity. Fibrosis and scarring are present at the site of the injury as the result of the crushing injuries received by the plaintiff. Plaintiff's condition is permanent. Because of pain and disability the plaintiff has not since the time of the injury been able to walk without the assistance of a device called a "walker", which enables the plaintiff to carry a great deal of his weight with his hands and shoulders and without bearing the weight on the injured leg. The plaintiff has sustained a substantial amount of pain since the injury and still has pain and will continue to suffer a great deal of pain because of the injury for the balance of his life. The plaintiff is sixty-three years of age, and has no formal education, training or experience which would allow him to engage again in any kind of substantial gainful employment in his physical condition.

The record shows that since the time of the injury the plaintiff has received a benefit payment from the Railroad Retirement Board in the amount of One Hundred, Seventy-Two ($172.00) Dollars, per month, and that these benefits are the result of payments made over the years by the plaintiff and contributed to by the defendant Railroad Company to the Retirement Fund. The plaintiff's income from the Railroad during the last year of his employment was Five Thousand, Five Hundred, Seventy-Six and 94/100 ($5,576.94) Dollars. The deductions from his total wages were Three Hundred, Twenty Three and 74/100 ($323.74) Dollars, for Railroad Retirement Fund, and Three Hundred, Thirteen and 42/100 ($313.42) Dollars, Federal tax. The plaintiff's health is good other than the disabling injuries which he suffered in this action. At the time of his injury, plaintiff was fifty-nine years of age and had a life expectancy of 15.13 years. There was no compulsory retirement age in the type of work that the plaintiff was doing, and it is probable that he could have worked to age seventy-two. Plaintiff has suffered a substantial amount of pain and will continue to do so for the balance of his life. He has also been disfigured and will be an obvious cripple for the remainder of his life.

Plaintiff's injuries, disability and disfigurement were the direct and proximate result of the negligence of the defendant.

After consideration of all the evidence in the case, it is my opinion that the plaintiff is entitled to recover from the defendant the sum of fifty thousand ($50,000.00) dollars, actual damages.

## CONCLUSIONS OF LAW

The Court has jurisdiction of the parties and the subject matter of this action.

The rights and duties of the parties are governed by the Federal Employers' Liability Act. 45 U.S.C.A. § 51 et seq. and amendments thereto. The Act imposes liability upon the employer to pay damages for injury or death due in whole or in part to its negligence. Rogers v. Missouri Pacific R. Co., 77 S.Ct. 443, 1 L.Ed.2d 493, 352 U.S. 500.

Applying the principles of law applicable to the case, I conclude that the injuries and damages sustained by the plaintiff were directly and proximately caused by the negligence of the defendant.

The plaintiff was not contributorily negligent and the defendant is not, therefore, entitled to any reduction in the payment of damages to the plaintiff. The plaintiff is entitled to recover from the defendant the sum of fifty thousand ($50,000.00) dollars.

Entry of appropriate judgment is directed accordingly, and

It is so ordered.